UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ARREDONDO-CHAVEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MISSIONSQUARE RETIREMENT, an entity of unknown form; THE INTERNATIONAL CITY MANAGEMENT ASSOCIATION RETIREMENT CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | No.  1:23-cv-00044-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

On November 29, 2022, Plaintiff Patricia Arredondo-Chavez ("Plaintiff") filed the operative Complaint in the Superior Court of California, County of Stanislaus, against Defendant The International City Management Association Retirement Corporation, doing business as MissionSquare Retirement ("Defendant").  Ex. 1, Not. Removal, ECF No. 1-1 ("Compl.").  Defendant removed the action to federal court on January 10, 2023, pursuant to diversity jurisdiction under 28 U.S.C. § 1332.[1]  ECF No. 1.  Presently before

---

[1] This action was removed to the Fresno Division but was recently reassigned to the Sacramento Division and this Court on September 15, 2023.  See ECF No. 25.

1

the Court is Defendant's Motion to Dismiss Complaint for Failure to State a Claim, which has been fully briefed.  ECF Nos. 7 ("Def.'s Mot."), 8 ("Pl.'s Opp'n"), 9.  For the following reasons, Defendant's Motion is GRANTED.[2]

## BACKGROUND[3]

Since May 2006, Plaintiff was employed by Defendant as a Director Relationship Manager and worked remotely.  In her position, Plaintiff provided retirement services for key clients.  Plaintiff claims that she was denied a work environment free of religious discrimination and was targeted for wrongful termination.  For example, Plaintiff alleges the following wage and hour violations:  (1) she was not compensated for all the overtime hours she worked, (2) she was misclassified as exempt, (3) Defendant routinely denied her meal periods, (4) Defendant routinely failed to provide her with itemized wage statements that properly and accurately itemized the number of hours she worked at the effective regular rates of pay and the effective overtime rates of pay, (5) Defendant failed to pay her all wages due on termination, and (6) Defendant failed to reimburse her for business expenses.

On September 17, 2021, Plaintiff submitted a Religious Accommodation Request to Defendant to obtain an exemption from the COVID-19 vaccine.  She alleges that she has a bona fide and sincerely held religious belief that precludes her from obtaining any of the COVID-19 vaccines, and that her sincerely held religious beliefs conflict with Defendant's policies that require her to receive the COVID-19 vaccine.  About a month later, on October 16, 2021, Plaintiff alleges she was wrongfully terminated by Defendant for requesting a religious exemption from the COVID-19 vaccine.  Plaintiff states that she

///

---

[2] Because oral argument would not have been of material assistance, the Court declined to set this matter for a hearing and decides this Motion on the briefs.  E.D. Local Rule 230(g).

[3] The following recitation of facts is taken, primarily verbatim, from Plaintiff's Complaint.

2

offered to be tested for COVID-19 and to wear a mask, but Defendant rejected those proposed accommodations.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

In the operative Complaint, Plaintiff asserts the following causes of action: (1) Failure to Pay Premium Overtime Wages; (2) Willful Misclassification of Employees as Exempt; (3) Failure to Pay for Meal Periods Not Provided; (4) Failure to Provide

4

Accurate Itemized Wage Statements; (5) Failure to Pay All Wages Due on Termination; (6) Failure to Reimburse Business Expenses; (7) Unfair Competition; (8) Discrimination Based on Religion; (9) Failure to Accommodate Religious Exemption; (10) Retaliation; (11) Failure to Prevent Discrimination and Retaliation from Occurring; and (12) Wrongful Termination in Violation of Public Policy.  Through the present Motion, Defendant only moves to dismiss the Fourth, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action, as well as Plaintiff's requests for relief in the form of injunctive relief and consequential damages.  See Def.'s Mot., at 2.  The Court will address each of these contentions in turn.

### A. Fourth Cause of Action:  Failure to Provide Accurate Itemized Wage Statements

Defendant argues that Plaintiff's Fourth Cause of Action is time-barred.  See Def.'s Mot., at 6.  California Labor Code § 226(e)(1) states that

> [a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

California law provides a one-year statute of limitations if the plaintiff seeks penalties but a three-year statute of limitations if the plaintiff seeks actual damages.  See Boumaiz v. Charter Commc'ns LLC, No. 2:19-cv-06997-JLS-ADS, 2021 WL 2189481, at *4 (C.D. Cal. May 19, 2021) (citing, in part, Cal. Civ. Proc. Code §§ 338, 340).

In her Complaint, Plaintiff seeks "to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code § 226(e), in an amount to be proven at trial . . ."  Compl. ¶ 59.  Although she claims that she is seeking "liquidated damages," Plaintiff uses the statutory language pertaining to penalties.  Therefore, the one-year statute of limitations applies.  Because Plaintiff was terminated on October 19, 2021, see

id. ¶ 19, but did not file her Complaint until November 29, 2022, her claim for statutory penalties is time-barred.[5]  Accordingly, Plaintiff's Fourth Cause of Action is DISMISSED with leave to amend.

> **B.     Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action: Religious Discrimination, Failure to Accommodate Religious Exemption, Retaliation, Failure to Prevent Discrimination and Retaliation, and Wrongful Termination in Violation of Public Policy**

Defendant argues that the Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action fail to state a claim because Plaintiff has not alleged sufficient facts that she has a legally protected religious belief.  See Def.'s Mot., at 6–8.  California's Fair Employment and Housing Act ("FEHA") prohibits an employer, in part, from discharging an employee from employment or discriminating against an employee "in compensation or in terms, conditions, or privileges of employment" because of religious creed "unless the employer . . . demonstrates that it has explored any available reasonable alternative means of accommodating the religious belief or observance . . . but is unable to reasonably accommodate the religious belief or observance without undue hardship[.]"  See Cal. Gov't Code §§ 12940(a), (l).  An employer must also "take all reasonable steps necessary to prevent discrimination and harassment from occurring[,]" and cannot "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under" FEHA.  Id. §§ 12940(h), (k).

"Religious creed" is defined as "any traditionally recognized religion as well as beliefs, observances, or practices, which an individual sincerely holds and which occupy in his or her life a place of importance parallel to that of traditionally recognized religions."  2 Cal. Code Regs. § 11060.  In determining whether a FEHA claimant's belief, observance, or practice constitutes a legally protected religious creed, courts objectively analyze whether:  (1) the plaintiff's beliefs "address[] fundamental and ultimate questions having to do with deep and imponderable matters"; (2) those beliefs

---

[5] Plaintiff also seeks a permanent injunction under this cause of action but that claim fails for reasons set forth below.  See infra Part C.

are "comprehensive in nature . . . consist[ing] of a belief-system as opposed to isolated teaching"; and (3) those beliefs "can be recognized by the presence of certain formal and external signs." See Friedman v. S. Cal. Permanente Med. Grp., 102 Cal. App. 4th 39, 69 (2002).

Here, Defendant argues that "Plaintiff does not plead any facts whatsoever to establish that her alleged 'religious beliefs' constitute legally-cognizable religious beliefs subject to FEHA's protection." Def.'s Mot., at 7. The Court agrees. Instead of addressing whether her belief system fits the aforementioned criteria, Plaintiff simply alleges that she "submitted a Religious Accommodation Request to [Defendant] to gain exemption from the Covid vaccine," and that she "has a bona fide and sincerely held religious belief that precludes her from obtaining any of the COVID-19 vaccines." See Compl. ¶¶ 18–19, 92–95. Plaintiff not only "has made conclusory allegations that [s]he had a sincerely held religious belief preventing [her] from obtaining the COVID-19 vaccination, [but] [s]he has failed to allege that [s]he held a religious belief that would be recognized as a religious creed and thus protected under FEHA." Borrello v. Respironics Cal., LLC, No. 23-cv-580-GPC-WVG, 2023 WL 5986135, at *12 (S.D. Cal. Sept. 14, 2023). Accordingly, Plaintiff's Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action are each DISMISSED with leave to amend.

### C.    Prayer for Injunctive Relief

In her Prayer for Relief, Plaintiff seeks, in part, "a preliminary and permanent injunction ordering Defendants to disclose Plaintiff's payroll records and to prevent Defendants from committing such illegal acts in the future." Compl., at 25 ¶ 14. Defendant argues that as a matter of law, Plaintiff lacks standing to pursue injunctive relief because she is no longer employed by Defendant. See Def.'s Mot., at 10. Plaintiff does not dispute this but instead, she contends "that it would be premature to strike such a remedy at this stage of the litigation." Pl.'s Opp'n, at 12. However, it is well-settled law that "[f]ormer employees lack standing to bring a claim for injunctive relief against their employers because such employees do not stand to benefit from the injunction." Byrd v.

7

Masonite Corp., 215 F. Supp. 3d 859, 865 (C.D. Cal. 2016) (citing, in part, Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 364 (2011)) (dismissing the plaintiff's accurate wage statement claim to the extent it sought injunctive relief); see also Achal v. Gate Gourmet, Inc., 114 F. Supp. 3d 781, (N.D. Cal. 2015) (dismissing the plaintiff's prayer for injunctive relief because "the Ninth Circuit has held that a former employee lacks standing to seek injunctive relief on [FEHA claims]—at least where he or she is not seeking reinstatement—because the former employee 'would not likely benefit' from any such relief.") (citation omitted).  Accordingly, Plaintiff's prayer for injunctive relief is DISMISSED with leave to amend.

### D.    Consequential Damages

The Complaint's Prayer for Relief also requests "an award of consequential damages in Plaintiff's favor and against Defendants, according to proof[.]"  Compl. at 24 ¶ 2.  Defendant argues that consequential or special damages are not available under any of the claims brought in this action but even if they were, Plaintiff failed to plead any supporting facts, allegations, or theories.  See Def.'s Mot., at 10–12.  Plaintiff's only response to these arguments is that she "is entitled to seek lost wages as a consequence of being wrongfully terminated."  Pl.'s Opp'n, at 12.  However, Plaintiff's Prayer of Relief already requests "compensatory damages for lost wages and employment benefits in an amount according to proof," Compl. at 25 ¶ 5, so it is unclear what she means by "consequential damages."  Furthermore, consequential damages are generally available in breach of contract actions.  See, e.g., Global Hawk Ins. Co. (RRG) v. Wesco Ins. Co., 424 F. Supp. 3d 848, 854–55 (C.D. Cal. 2019).  Accordingly, Plaintiff's prayer for consequential damages is DISMISSED with leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 7, is GRANTED with leave to amend.  Not later than twenty (20) days after the date this

Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint.  If no amended complaint is timely filed, the causes of action dismissed by virtue of this Memorandum and Order will be deemed dismissed with prejudice upon no further notice to the parties.

  IT IS SO ORDERED.

Dated:  October 18, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE