Kevin A. Lipeles (Bar No. 244275)
Thomas H. Schelly (Bar No. 217285)
Jasmine J. Badawi (Bar No. 335433)
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252
kevin@kallaw.com
thomas@kallaw.com
jasmine@kallaw.com

Attorneys for Plaintiff,
PATRICIA ARREDONDO-CHAVEZ

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ARREDONDO-CHAVEZ, an individual,<br><br>             Plaintiff,<br><br>vs.<br><br>MISSIONSQUARE RETIREMENT, an entity of unknown form; THE INTERNATIONAL CITY MANAGEMENT ASSOCIATION RETIREMENT CORPORATION, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>             Defendants. | **CASE NO.: 1:23-CV-00044-MCE-DB**<br><br>**[Assigned to U.S. Magistrate Judge Sheila K. Oberto]**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>1. **FAILURE TO PAY OVERTIME (*Cal. Labor Code* §§ 510, 1198);**<br>2. **WILFULL MISCLASSIFICATION OF EMPLOYEES AS EXEMPT;**<br>3. **FAILURE TO PAY FOR MEAL PERIODS NOT PROVIDED (Cal. Labor Code § 226.7);**<br>4. **FAILURE TO PAY ALL WAGES DUE ON TERMINATION (Cal. Labor Code §203);**<br>5. **FAILURE TO REIMBURSE BUSINESS EXPENSES (Cal. Labor Code §2802);** |

6. **UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§17200 et seq.);**
7. **DISCRIMINATION BASED ON RELIGION IN VIOLATION OF GOVT. CODE §12940(a);**
8. **FAILURE TO ACCOMOMDATE RELIGIOUS EXEMPTION IN VIOLATION OF GOVT. CODE §12940(a);**
9. **RETALIATION IN VIOLATION OF GOVT. CODE §12940 *ET SEQ.*;**
10. **FAILURE TO PREVENT DISCRIMINATION FROM OCCURRING IN VIOLATION OF GOVT. CODE §12940(K); and**
11. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY, GOVT. CODE §12940 *ET SEQ.***

**DEMAND FOR JURY TRIAL**

Patricia Arredondo-Chavez ("Plaintiff") alleges the following:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiff's federal claims based on Defendant's actions taken to remove the matter pursuant to 28 U.S.C. §§ 1332 and 1441(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1891(d) because the actions at issue took place in this district.

## II. PARTIES

3. At all times relevant hereto, Plaintiff Patricia Arredondo-Chavez (hereinafter "Plaintiff") was an individual over age 18 and a resident of Stanislaus County, California.

4. Plaintiff is informed and believes and thereon alleges that at all times material hereto, Defendant Mission Square Retirement, (hereinafter "Mission"), has been, and is, an entity of unknown form, with a principal place of business at 777 North Capitol Street NE, #600, Washington, DC 20002. At all times material hereto, Mission has been, and is, a non-profit that provides retirement plans and related services. Plaintiff is informed and believes and thereon alleges that at all times material hereto Mission has been authorized to do business and has been doing business in the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant The International City Management Association Retirement Corporation ("ICMA") (collectively with Mission "Defendants"), is a California corporation with a principal place of business at 777 North Capitol Street NE, #600, Washington, DC 20002. At all times material hereto, ICMA has been, and is, a company that offers professional development programs, research, publications, data and information, technical assistance, and training to create excellence in local governance and fostering professional local government management worldwide.

6. Mission is the exclusive retirement services partner of ICMA.

7. Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendant and some of DOES 1 through 100 were the agents, employees, and/or servants, masters, or employers of the remaining DOES 1 through 100, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

8. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore Plaintiff sues these Defendants by such fictitious names and capacities.  Plaintiff will amend her Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that at all times relevant, each

of these fictitiously named DOE Defendants was an individual person who owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the working conditions of Plaintiff. These DOE Defendants held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, discrimination and harassment practices and policies for Defendants which have damaged Plaintiff. Therefore, DOES 1 through 100, in addition to the remaining Defendants, are Plaintiff's "employers" as a matter of law and liable on the causes of action alleged herein pursuant to the Labor Code's wage and hour laws and regulations and the violations of California law as alleged herein.

9. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 100 are, and at all times relevant hereto were, persons, corporations or other business entities organized and existing under and by virtue of the laws of the State of California, and are/were qualified to transact and conduct business in the State of California, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of the State of California. Specifically, DOES 1 through 100 maintain offices, operate businesses, employ persons, and conduct business and illegally pay employees by illegal payroll practices and policies and engage in religious discrimination in the County of Stanislaus.

10. Plaintiff is further informed and believes, and thereon alleges, that each of the fictitiously named Defendants aided and assisted the named Defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each Defendant.

## III.   FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

/ / /

/ / /

**Employment Information**

11.     Plaintiff was an employee of Defendants since May 2006. Plaintiff worked remotely as a Director Relationship Manager for key clients providing retirement services. Plaintiff was denied a work environment free of religious discrimination and was targeted for wrongful termination.

12.     Plaintiff is a member of Shelter Cove Community Church ("the Church") in Modesto, California.

13.     The Church is grounded in evangelical Christian beliefs centering around the plenary, verbal inspiration of the original writings of the sixty-six books of the Bible, the Word of God, and that it is the full and complete revelation of God's will for man, wholly infallible in all its parts, including scientific and historical accuracy, as well as the supreme and final authority of all matters of faith and practice (II Tim. 3:16; II Pet. 1:20; Jude 3).

14.     One large component of Plaintiff's religious beliefs, which align with the Church, is the belief in the sanctity of human life. As such, Plaintiff avoids any product - - medical or otherwise - - which contains any stem cells that might have been obtained from aborted fetuses. Some COVID vaccines are known to have been developed using such stem cells.

**Wage and Hour Violations**

15.     Plaintiff was not compensated for all the overtime hours she worked.

16.     Plaintiff was misclassified as exempt.

17.     Defendants routinely denied Plaintiff meal periods.

18.     Defendants routinely failed to provide Plaintiff with itemized wage statements that properly and accurately itemized the number of hours she worked at the effective regular rates of pay and the effective overtime rates of pay.

19.     Defendants failed to pay Plaintiff all wages due on termination.

20.     Defendants failed to reimburse Plaintiff for business expenses.

/ / /

1:23-CV-00044-MCE-DB          FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## Discrimination and Wrongful Termination

21.    On or about September 17, 2021, Plaintiff submitted a Religious Accommodation Request to Mission to gain exemption from the Covid vaccine.  A true and correct copy of this Request is attached hereto as Exhibit "A," the terms of which are incorporated herein by reference.

22.    On or about October 16, 2021, Plaintiff was wrongfully terminated by Defendants for requesting a religious exemption from the Covid vaccine. As a result. Defendants discriminated against Plaintiff based on the practice of her religion and her status as a member of Shelter Cove Community Church.

23.    Plaintiff offered to be tested for COVID and to wear a mask, but Defendants rejected the accommodation and failed to accommodate Plaintiff.

24.    At all times hereto, Defendants regularly employed five or more persons and therefore are employers, as that term is defined in *Gov't Code* § 12926(d).

25.    On November 29, 2022, Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH") alleging religious discrimination and failure to accommodate religion by Mission and ICMA. On November 29, 2022, the DFEH issued to Plaintiff a Right to Sue Notice as to Mission and ICMA.

## FIRST CAUSE OF ACTION

## (Failure to Pay Premium Overtime Wages in Violation of Labor Code §§ 510, 1198– By Plaintiff against Defendants and Does 1 through 100)

26.    Plaintiff repeats and realleges each of the allegations set forth in this complaint.

27.    At all times relevant, the IWC Wage Order applicable to Plaintiff's employment by Defendants provided that employees working for more than eight hours in a day or forty hours in a work week are entitled to overtime compensation

at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight hours in a day or forty hours in a work week.

28.     California Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight hours in a day or forty hours in a work week.

29.     Section 3 of  the applicable Wage Order provides as follows: "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek."

30.     Plaintiff worked 5 days per week for 11 hours per day but did not receive any overtime wages. Further, 2-3 times per year, Plaintiff attended meetings on behalf of Defendants for 3 days in other cities. On those days, Plaintiff worked 16 hours per day. Plaintiff was only paid 8 hours per day for the meetings.

31.     By their failure to pay overtime compensation as alleged above, Defendants have violated and continue to violate the provisions of the applicable IWC Wage Order and Labor Code § 510 which require overtime compensation to non-exempt employees.

32.     At all times relevant, Plaintiff worked in excess of forty hours in a week without being paid for all those hours.

33.     At all times relevant, Defendant failed to pay overtime wages owed to Plaintiff as a result of Defendants' conduct including that alleged herein and their willful misclassification of Plaintiff.

34.     Defendants' failure to pay Plaintiff the unpaid balance of premium overtime compensation violates the provisions of Labor Code §§510, 1194 and 1198, and the applicable IWC Wage Orders and is therefore unlawful.

35.    Accordingly, Defendants owe Plaintiff overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff the overtime wages owed.

36.    Labor Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

37.    Plaintiff is entitled to recover the unpaid balance of her overtime wage compensation, interest, costs, and attorneys' fees pursuant to Labor Code §1194.

## SECOND CAUSE OF ACTION

### (Willful Misclassification as Exempt In Violation of the Applicable Wage Order By Plaintiff against all Defendants and Does 1 through 100)

38.    Plaintiff repeats and realleges each of the allegations set forth in this complaint.

39.    Defendants misclassified Plaintiff as an exempt employee rather than non-exempt in violation of applicable Wage Order, for their own financial benefit.

40.    The California Industrial Welfare Commission applicable Wage Order identifies three exemptions to the provisions of the wage order: executive exemption, administrative exemption, and professional exemption.

41.    The executive exemption at issue applies to an employee: 1) whose duties and responsibility involve the management of the enterprise or a subdivision thereof, 2) who customarily and regularly directs the work of two or more employees, 3) who has the authority to hire or fire other employees or who can suggest and recommend as to the hiring, firing, or advancement of another employee, 4) who exercises discretion and independent judgment, 5) must earn a

monthly salary equivalent to no less than two (2) times the state minimum wage for full time employment, and 6) who is primarily engaged in duties which meet the test of the exemption. *Ramirez v. Yosemite Water Co.,* 20 Cal. 4th 785 (1999) holds that an employee meets the "primarily engaged in managerial duties" requirement only when the employee spends more than half of their work time on exempt duties. *Id.* at 804 n.4.

42.    On information and belief Defendants' managing agents and/or officers setting policy knowingly advised Defendants to wrongfully treat Plaintiff as an exempt employee.

43.    Plaintiff did not meet the requirements of being "salary exempt" as set forth by California Labor Code § 515(a). Plaintiff was not allowed to make independent decisions. Plaintiff was basically given the title of manager but was given absolutely no authority to actually be a manager. Plaintiff did not manage any employees of Defendants. She did not have authority to hire or fire employees and could only recommend it to the Vice President who was required to approve it. Further, Plaintiff did not have independent judgment or discretion in her job position.

44.    Defendant thus improperly classified Plaintiff as exempt from the wage and hour requirements set forth in the Labor Code and applicable Wage Order, because she did not manage any employees so as to be qualified as exempt.

45.    Because of this misclassification, Plaintiff suffered damages as a result of Defendants' violation of the applicable Wage Order in amount according to proof.

46.    Based on Defendants' conduct as alleged herein. Defendants are liable for damages and statutory penalties pursuant to Labor Code §226, Labor Code §218.5 and penalties pursuant to Labor Code §§203 and 206.

/ / /

/ / /

## THIRD CAUSE OF ACTION

**(Compensation for Required Meal Periods Not Provided - Cal. Lab. Code §
226.7 – By Plaintiff against Defendants and Does 1 through 100)**

47.    Plaintiff repeats and realleges each of the allegations set forth in this
complaint.

48.    California Labor Code §226.7(a) prohibits an employer from
requiring an employee to work during any meal period mandated by an applicable
Industrial Wage Order. Section 226.7(b) of the California Labor Code provides that
"[a]n employer shall not require an employee to work during a meal or rest break
or recovery period mandated pursuant to an applicable statute, or applicable
regulation, standard, or order of the Industrial Welfare Commission…"

49.    California Labor Code §1198 makes unlawful the employment of an
employee under conditions the IWC prohibits.

50.    The applicable Wage Order provides, in relevant part: "No employer
shall employ any person for a work period of more than five (5) hours without a
meal period of not less than 30-minutes, except that when a work period of not
more than six (6) hours will complete the day's work the meal period may be
waived by mutual consent of the employer and the employee."

51.    The applicable Wage Order further provides, in relevant part: "Unless
the employee is relieved of all duty during a 30-minute meal period, the meal period
shall be considered an 'on duty' meal period and counted as time worked."

52.    Section 512(a) of the California Labor Code provides, in relevant part,
that:

> An employer may not employ an employee for a work period of more than
> five hours per day without providing the employee with a meal period of not
> less than 30-minutes, except that if the total work period per day of the
> employee is no more than six hours, the meal period may be waived by
> mutual consent of both the employer and employee.

An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30-minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53.     The Labor Code and Wage Order provisions cited above require California employers to provide employees with off-duty 30-minute meal periods on or before the fifth hour of their shifts. To satisfy this obligation, California employers must: (1) make employees aware of their right to off-duty 30-minute meal periods before the fifth hour of their shifts, and (2) ensure that employees are actually free of job duties for thirty minutes per day on or before the fifth hour of their shifts.

54.     As alleged herein, Defendants failed to relieve Plaintiff of her duties for timely meal breaks 3-4 times per week, Plaintiff was routinely required to work through her meal period at the fifth and sixth hour at the direction of Defendants and/or with their endorsement, encouragement, knowledge and acquiescence.

55.     Under California law, employers must also record their employees' meal periods: "Every employer shall keep accurate information with respect to each employee, including the following: ... Meal periods ... shall also be recorded. Meal periods during which operations cease ... need not be recorded." Where the employer has failed to keep records required by statute, the consequences of such failure should fall on the employer, not the employee. In such a situation, imprecise evidence by the employee can provide a sufficient basis for liability." *Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 727 (1988). Inasmuch as Defendants had an obligation under the record-keeping requirements of the Wage Order to track meal periods unless "all work ceases", Defendants knew or should have known Plaintiff was regularly missing meal periods.

56.    Defendants have a policy or practice of failing to ensure that Plaintiff took meal periods required by California Labor Code §226.7 and the applicable IWC Wage Order.

57.    By their actions in not affording Plaintiff first meal periods and/or not affording her a second meal periods on days when Plaintiff worked in excess of 10 hours, Defendants violated Cal. Lab. Code §226.7(b) and section 11 of the Wage Order in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with statutory timely off-duty meal periods.

58.    Defendants also has a policy or practice of failing to pay Plaintiff who was not provided with a meal period as required an additional one hour of compensation at her regular rate of pay.

59.    Cal. Labor Code § 218 authorizes Plaintiff to bring a private right of action to recover wages due based on the deprivation of timely meal periods under Cal. Labor Code § 226.7(b).

60.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff has sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and is entitled to recover economic and statutory damages, attorneys' fees and penalties and other appropriate relief due to Defendants' violations of the California Labor Code and the applicable IWC Wage Orders.

## FOURTH CAUSE OF ACTION

### (Failure to Pay All Wages Due on Termination – Cal. Lab. Code §203 – By Plaintiff against Defendants and Does 1 through 100)

61.    Plaintiff repeats and realleges each of the allegations set forth in this complaint.

/ / /

/ / /

62.    Labor Code § 201(a) provides that a discharged employee's unpaid wages are due and payable immediately. Labor Code § 202(a) provides that when an employee resigns from employment, unpaid wages are due and payable within 72 hours of resignation.

63.    Labor Code § 203(a) provides that if an employer willfully fails to pay wages as mandated by Labor Code §§ 201 and 202, the employee's wages shall continue to accrue until paid, not to exceed thirty days.

64.    Plaintiff was wrongfully discharged from Defendants' employ and Defendants willfully failed to pay Plaintiff wages due to her.

65.    Under Labor Code § 203(a), Plaintiff is entitled to one days' wages for each day she was not timely paid, not to exceed 30 days' wages.

66.    By willfully failing to pay Plaintiff separate amounts owed for overtime pay and for meal periods not provided, as set forth above, in a timely manner as required by Cal. Lab. Code §§ 201 & 202, Defendant is liable to her for penalties pursuant to Cal. Lab. Code § 203, in an amount equal to 30 days of her per diem wage rate in an amount according to proof.

## FIFTH CAUSE OF ACTION

**(For Reimbursement of Business Expenses Pursuant to Cal. Labor Code §2802 By Plaintiffs Against All Defendants and Does 1 through 100)**

67.    Plaintiff repeats and realleges each of the allegations set forth in this complaint.

68.    Labor Code §2802 requires employers to indemnify employees for all necessary expenditures incurred by employees in the discharge of their duties.

69.    At all times relevant herein, Defendants were aware that Plaintiff was using her personal computer and home internet for work-related purposes but failed to indemnify Plaintiff for all her business-related expenses, including wear and tear expenses, in accordance with Labor Code §2802.

/ / /

70.     As a result of Defendants' conduct, Plaintiff suffered damages in an amount, subject to proof, to the extent she was not reimbursed for all of her business-related expenses incurred in the discharge of their duties.

71.     Pursuant to Labor Code §2802, Plaintiff is entitled to recover the full amount of her unreimbursed business expenses, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

**(For Unfair Competition in Violation of Unfair Business Practices, Cal. Bus. & Prof. Code §17200 et. seq. – By Plaintiff against Defendants and Does 1 through 100)**

72.     Plaintiff repeats and realleges each of the allegations set forth in this complaint.

73.     California Business & Professions Code § 17200 et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful and unfair business practices."

74.     Defendants' conduct as alleged herein has been and continues to be unfair, unlawful, and deleterious to Plaintiff. Plaintiff hereby seeks to enforce important rights affecting the public interest within the meaning of the Cal. Code of Civ. Proc. § 1021.5.  Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this suit for restitution.

75.     The prompt payment of overtime and affording meal breaks, are fundamental public policies of the State of California. It is also the public policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

76.     Defendants misclassified Plaintiff as exempt. Defendants failed to allow Plaintiff to take meal breaks, to properly pay her overtime compensation, to pay all wages due on termination and to issue accurate wage statements.

77.     During the applicable limitations period, Defendants violated Plaintiff's rights under the above-referenced Labor Code sections by failing to pay her overtime wages and for meal breaks not afforded in violation of *Labor Code* §§ 510, 1194, 1198, 226.7 and 512, as a result of not correctly calculating her regular rate of pay to include all applicable remuneration, including, but not limited to, meal break premium pay and overtime pay.

78.     Through the conduct alleged herein, Defendants acted contrary to these public policies and have thus engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 et. seq., depriving Plaintiff of the rights, benefits, and privileges guaranteed to employees under California law.

79.     Defendants regularly and routinely violated the following statutes and regulations with respect to Plaintiff:

80.     *Cal. Lab. Code* §§ 510 and 1194 and the applicable IWC Wage Order as amended (failure to pay overtime);

81.     Cal. Lab. Code § 226 (failure to provide accurate wage statements to employees at the time of payment);

82.     Cal. Lab. Code §§ 201, 202 and 203 (failure to pay wages due on termination);

83.     Cal. Lab. Code §§ 226.7 and 512, and the applicable IWC Wage Order (failure to provide meal periods);

84.     Applicable Wage Order due to misclassification as exempt;

85.     Cal. Lab. Code §2802 (failure to reimburse business expenses;

86.     Cal. Lab. Code § 218.5 and the applicable IWC Wage Order (failure to compensate for all hours worked); and

87.     By engaging in these business practices, which are unfair business practices within the meaning of Bus. & Prof. Code §§ 17200 et seq., Defendant harmed Plaintiff and gained an unfair competitive edge. Under the Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of these funds.

## SEVENTH CAUSE OF ACTION

**(Discrimination Based on Religion in Violation of *Government Code* § 12940(a) – By Plaintiff Against Defendants and Does 1 through 100)**

88.     Plaintiff repeats and realleges each of the allegations set forth in this complaint.

89.     Under the California Fair Employment and Housing Act ("FEHA"), *Government Code* § 12940(a) an employer cannot discriminate against an employee, because of religion.

90.     By, *inter alia*, wrongfully denying Plaintiff any religious accommodation or exemption to Defendants' COVID-19 vaccine mandate without any legitimate reason for doing so, and then by terminating Plaintiff without justification, Defendants discriminated against Plaintiff based on her sincerely held religious beliefs with respect to the terms, conditions and privileges of employment.

91.     Defendants have unlawfully discriminated against Plaintiff by discharging her for the exercise of her religious beliefs.

92.     Plaintiff has a bona fide and sincerely held religious belief that precludes her from obtaining any of the COVID-19 vaccines.

93.     Plaintiff's sincerely held religious beliefs conflict with Defendants' policies that require her to receive the COVID-19 vaccine.

94.     Plaintiff raised her sincerely held religious beliefs with Defendants, brought her objections and request for a religious exemption and accommodation to Defendants' attention, and requested a religious exemption and accommodation from the COVID-19 vaccine.

95.     Defendants' termination of Plaintiff's employment was motivated by, and is the result of, his exercise of, her sincerely held religious beliefs.

96.     Defendants lacked any justification for the adverse employment action taken against Plaintiff, as the mechanism they used to determine the sincerity of Plaintiff's religious beliefs were designed to allow them reject her request without any oversight.

97.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual harm, in an amount subject to proof at the time of trial.

98.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment.

99.     In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud and malice, and in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to punitive damages under California Civil Code § 3294 in an amount to be determined at trial according to proof.

100.    As a proximate act of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

**EIGHTH CAUSE OF ACTION**

**(Failure to Accommodate Religious Exemption in Violation of**
***Government Code***

**§ 12940(m) – By Plaintiff Against Defendants and Does 1 through 100)**

101.    Plaintiff repeats and realleges each of the allegations set forth in this complaint.

102.    Defendants discriminated against and took adverse employment actions against Plaintiff due to her good faith religious beliefs/creeds.

103.    The adverse employment actions included terminating Plaintiff from her long-held position with Defendants. Defendants violated Plaintiff's religious constitutional rights.

104.    As alleged herein, on or about September 17, 2021, Plaintiff requested that Defendants make a reasonable accommodation for her religious exemption to the COVID vaccine so that she would be able to perform the essential job requirements. Defendants refused said accommodation and refused to discuss any other potential reasonable accommodation it might afford to Plaintiff, wrongfully terminating Plaintiff instead on or about October 16, 2021.

105.    Plaintiff offered to be tested for COVID and to wear a mask, but Defendants refused to accommodate Plaintiff.

106.    Plaintiff's sincerely held and good faith religious beliefs were the substantial motivating factor in the Defendants' decision to deny her exemption and accommodation requests and to terminate Plaintiff's employment with the Defendants.

107.    As a proximate result of Defendants' wrongful conduct, and each of them, Plaintiff has suffered humiliation, severe emotional distress, mental pain and anguish, anxiety, severe depression and other associated negative emotional impacts all to Plaintiff's damage in an amount to be determined at trial according to proof.

108.    In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud and malice, and in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to punitive damages under California Civil Code § 3294 in an amount to be determined at trial according to proof.

109.    As a proximate result of Defendants' wrongful conduct, and each of them, Plaintiffs has suffered and continues to suffer substantial losses in earnings and other employment benefits in an amount to be determined at trial according to proof.

110.   As a result of Defendants' unlawful conduct as herein alleged, Plaintiff was forced to hire counsel to protect her rights. Plaintiff seeks reasonable attorney's fees and costs incurred in this lawsuit in an amount according to proof under California Government Code § 12965(b).

**NINTH CAUSE OF ACTION**

**(Retaliation in Violation of *Government Code* §§12940 *et seq*. – By**

**Plaintiff Against Defendants and Does 1 through 100)**

111.   Plaintiff repeats and realleges each of the allegations set forth in this complaint.

112.   This cause of action is brought pursuant to the FEHA, Govt. Code §12940(h), which provides that it is unlawful to retaliate against a person "because the person has opposed any practices forbidden under [Government Code sections 12900 through 12966] or because the person has filed a complaint, testified, or assisted in any proceeding under the FEHA."

113.   As a result of her religion, Plaintiff was denied the right to work in an environment free of discrimination, was denied accommodation for her religion and was wrongfully terminated by Defendants.

114.   Defendants' retaliatory conduct toward Plaintiff caused her emotional injury, including, but not limited to, humiliation, anxiety, fear, and loss of self-esteem. Defendants' retaliatory conduct was a substantial factor and the proximate cause of Plaintiff's damages.

115.   Plaintiff's religious beliefs was the reason Defendants retaliated against her.

116.   Plaintiff has suffered monetary damages, lost wages and privileges of employment illegally caused by Defendants' discriminatory conduct in an amount according to proof.

117.   In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud and malice, and in conscious disregard of Plaintiff's rights.

118.    Therefore, Plaintiff is entitled to punitive damages under California Civil Code § 3294 in an amount to be determined at trial according to proof.

119.    Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

## TENTH CAUSE OF ACTION

**(Failure to Prevent Retaliation from Occurring in Violation of *Government Code* §12940(k) – By Plaintiff Against Defendants and Does 1 through 100)**

120.    Plaintiff repeats and realleges each of the allegations set forth in this complaint.

121.    Defendants' conduct in subjecting Plaintiff to discriminatory conduct due to Plaintiff's religion constituted breach of their duty under FEHA, including the duty to take immediate and appropriate corrective action and to take all reasonable steps to prevent discrimination and retaliation from occurring pursuant to California Government Code Section 12940(k).

122.    Defendants failed to take measures to prevent discrimination and retaliation.

123.    As a direct result of the Defendants' failure to take all reasonable steps necessary to prevent discrimination, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress, loss of earnings and earning capacity. Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial.

124.    In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud and malice, and in conscious disregard of plaintiffs' rights. Therefore, Plaintiff is entitled to punitive damages under California Civil Code § 3294 in an amount to be determined at trial according to proof.

125.    Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

/ / /

**ELEVENTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy, Govt. Code §§12940**
***et seq.*– By Plaintiff Against Defendants and Does 1 through 100)**

126.   Plaintiff repeats and realleges each of the allegations set forth in this complaint.

127.   Plaintiff alleges that significant policies exist in the State of California that prohibit discrimination and wrongfully terminating an employee due to religion. Among others, the right to be free from discrimination and retaliation are codified in the California and United States Constitutions and the provisions of Government Code §§12900 *et seq*.

128.   Defendants, acting through its employees and supervisors, intentionally created and knowingly permitted the discrimination based on religion.

129.   Defendants wrongfully terminated Plaintiff in violation of important and well-established public policies, including, but not limited to, policies against employment discrimination based upon religion.

130.    These policies are set forth in various laws including but not limited to Government Code §§12940 (a), 12940(k), 12940(m); Cal. Const. Art. 1, §8 (employment discrimination).

131.   Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to according to proof.

132.   As a further proximate result of the unlawful acts of Defendants, as alleged above, Plaintiff has been harmed in that she has suffered humiliation, mental anguish, and emotional and physical distress that a reasonable person would suffer upon losing her job. As a result of such actions and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

133.    The above acts of Defendants constitute a wrongful termination of Plaintiff and were in violation of public policy as described above.

/ / /

134.   Such termination was a substantial factor in causing damage and injury to Plaintiff as set forth below.

135.   Plaintiff believes and thereon alleges that engaging in protected activity, including, but not limited to, requesting a religious exemption and a reasonable accommodation, were factors in Defendants' conduct as alleged hereinabove.

136.   In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud and malice, and in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to punitive damages under California Civil Code § 3294 in an amount to be determined at trial according to proof.

137.   Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendants, and each of them, as follows:

1.     For compensatory damages in the amount of unpaid overtime wages due to Plaintiff, according to proof;

2.     For reimbursement of business expenses;

3.     For general damages in Plaintiff's favor and against Defendants, according to proof;

4.     For compensatory damages for lost wages and employment benefits in an amount according to proof;

5.     For compensation of one hour at the regular rate of pay for each meal period denied in violation of *Cal. Lab. Code* § 226.7 and the applicable Wage Order, according to proof;

6.     For statutory damages pursuant to *Cal. Lab. Code* § 226, according to proof;

/ / /

7.    For statutory penalties pursuant to *Cal. Lab. Code* § 558, according to proof;

8.    For statutory penalties pursuant to *Cal. Lab. Code* §1102.5, according to proof;

9.    For payment to Plaintiff of waiting time penalties pursuant to *Cal. Lab. Code* § 203, in an amount equal to her daily pay rate at the time of termination, multiplied by the total amount of days elapsed between the date of involuntary termination, and/or 72 hours after notice of the voluntary termination, up to a maximum of 30 days' pay, according to proof;

10.    For specific relief enforcing waiting time penalties of 30 days of per diem wages pursuant to *Business & Professions Code* § 17200 and *Labor Code* § 203, according to proof;

11.    For prejudgment interest accrued on all due and unpaid overtime wages from the date that wages were due and payable, pursuant to *Cal. Lab. Code* §§ 218.6 and 1194(a), according to proof;

12.    For reasonable costs, including attorneys' fees pursuant to *California Labor Code* §§ 1194, 2802, California Government Code §12965(b) and/or *California Code of Civil Procedure* § 1021.5, in an amount according to proof pursuant to statute;

13.    For an award of restitution of wages to Plaintiff in an amount equal to the amount of wages owed and unpaid, according to proof;

14.    For an award of liquidated damages pursuant to *Cal. Lab. Code* § 1194.2, to Plaintiff in an amount equal to the wages unlawfully unpaid and interest thereon;

15.    For punitive and exemplary damages in a sum to be determined at trial; and

For such other and further relief as the Court deems just and proper.

/ / /

**DEMAND FOR JURY TRIAL**

Plaintiff Patricia Arredondo-Chavez hereby respectfully requests a trial by jury for all claims and issues raised in her Complaint that may be entitled to a jury trial.

LIPELES LAW GROUP, APC

Date: November __7__, 2023

By: _____

Jasmine J. Badawi, Esq.
Attorneys of record for Plaintiff,
Patricia Arredondo-Chavez

# EXHIBIT A



**MissionSquare Retirement**
**Religious Accommodation Request Form**

Print off a copy of this form. Complete the form, and sign it and email it to
careadvisors@priviahealth.com. Privia will send the completed form to your HR department for
review.

| Legal First Name | Legal Last Name | Date of Birth |
|---|---|---|
| *Patricia* | *Arredondo - Chavez* | *4/9/70* |

This document affirms that the administration of the COVID-19 vaccine conflicts with my
religious tenets or practices and I am requesting an accommodation to be exempt from the
vaccination requirement at MissionSquare Retirement.

Please describe the religious belief or practice that necessitates this request for
accommodation, and upload supporting documentation.

*Please see attached*
*letter of explanation*

Teammate Signature: *Patton A Chavez*        Date: *9/17/21*

09/2021

September 17, 2021

MissionSquare Retirement

Religious Accommodation Request

I am respectfully requesting an accommodation to be exempt from MissionSquare Retirement's vaccination requirement on the basis of my Christian beliefs.

The Christian Bible, the guiding reference on which Christianity is based on, states:

"I am the Lord your God...You shall have no other gods before Me or besides Me...You shall not kill...You shall not steal".

*Deuteronomy 5:7-19*

According to the Los Angeles Department of Health, the development of all Covid 19 vaccines have included the use of fetal cell lines.  The fetal cell lines used to produce the COVID-19 vaccines are from two sources:

- HEK-293: A kidney cell line that was isolated from a fetus in 1973
- PER.C6: A retinal cell line that was isolated from an aborted fetus in 1985

In addition, the Johnson & Johnson vaccine did require the use of fetal cell cultures, specifically PER.C6, in order to produce **and manufacture** the current vaccine. (Los Angeles County Dept of Health-Covid-19 Vaccine and Fetal Cell lines handout dtd 4/20/21).

It is my sincere belief that in taking the vaccine I would be participating in and benefiting from the practice of abortion with the use of aborted fetuses in the development of Covid vaccines. This is a practice that the Christian faith believes to be the murder of an unborn child/human, directly challenging God's commandment to his people to not kill.

Thank you for your consideration.

*Patricia A. Chavez*

**Spiritual Leader Statement on Employee's/Student's Request for Religious Exemption**

**Employee/Student's Name:** _Patricia A. Chavez_

This is a statement that explains a person's conscientious, religious objection to the Covid 19 vaccine. First, personal adherence to several doctrines that are taught in the Bible can be reasonably supportive of an individual's personal conscientious conviction against taking the current COVID 19 vaccine. As a matter of course, all Christians are to adhere to the Bible teachings in matters of Faith and Life. In fact, the Bible is the final guidebook, owner's manual, for all believers and is to be consulted on <u>all</u> questions in this life. Regarding vaccines (and other things affecting the body), the Bible clearly teaches that Christians are to be good stewards of their body. They are to pray and make good decisions for themselves and their families through wisdom gained from counsel, the Holy Spirit, and the Holy Scriptures then apply that to the circumstances at hand.

In the book of 1st Corinthians (1 Corinthians 3.16 and 6.19 specifically), the Bible teaches that the body is a temple of God and as such, is to be cared for and each Christian is to have good stewardship of the bodies God has gifted to us. This care involves abstaining from things that we <u>know</u> are harmful and in addition, exercising wisdom and caution regarding things that are questionable or unknown. Jesus Christ in Matthew 7.17-20 teaches how to discern the value/merits of an activity by assessing its "fruits" (results). Christians are commanded to pray over "all things", especially to seek wisdom (James 1.5; 5.16; Romans 8.26; Proverbs 2.6; Psalm 31.3; 48.14; and many more biblical references), from the Holy Spirit, Scripture seeking wisdom from counsel of other mature believers (see Prov. 13.20). Therefore, convictions regarding the COVID 19 vaccine, received by a Christian through practical observation (necessary over time obviously), in prayer, and through counsel of fellow believers, keeping with God's word, are a matter of Christian obedience and conscious.

In addition, Evangelical Christian churches also teach the sanctity of human life. The Bible is very clear on this topic (See Genesis. 1.26-27; Jeremiah 1.5; Psalms 139.13-16; Exodus 21.22-25 and many more) that human life is important and is to be protected, even life in the womb. Because of this, abortion is often thought of as inherently sinful. Since, it is generally known that COVID vaccines were developed using stem cell lines from aborted fetal tissue (See David Prentice, Ph.D., COVID 19 Vaccine Candidates and Abortion-Derived Cell Lines, Charlotte Lozier Institute, June 2, 2021, https://lozierinstitute.org/update-covid-19- .), many Christians will have a conscientious religious objection on those grounds as well as what is stated in the previous paragraph.

We attest that the information above is true and accurate and to the best of our knowledge. If you have any questions, please call us (209-567-3200) or email tenvia@inthecove.com.

X _____
Jeremy Thiessen
Executive Pastor
Shelter Cove Community Church
4242 Coffee Road, Modesto CA 95350

X _____
Edward F. Kelley IV
Senior Executive Pastor
Shelter Cove Community Church
4242 Coffee Road, Modesto CA 95350

X _____
Scott Grimm
Teaching Pastor
Shelter Cove Community Church
4242 Coffee Road, Modesto CA 95350

X _____
Bob Irwin
Care Pastor
Shelter Cove Community Church
4242 Coffee Road, Modesto CA 95350